UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AQUA-TERRA CONSTRUCTION & ENGINEERING SYSTEMS, INC. | CIVIL ACTION |
| VERSUS | NO. 06-1864 |
| OAK HARBOR INVESTMENT PROPERTIES, INC. | SECTION T(1) |

Before the Court is a Motion for Summary Judgment (Doc. 29) filed on behalf of the Defendant, Oak Harbor Investment Properties, L.L.C. ("Oak Harbor). The parties waived oral argument and the matter was taken under submission on June 13, 2007. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

## ORDER AND REASONS

**I.   BACKGROUND**

Oak Harbor Investment Properties, L.L.C. ("Oak Harbor") owns Oak Harbor Marina (the "Marina"), which suffered damages as a result of Hurricane Katrina. Docks were destroyed and boats moored in the Marina sank. At the time of Hurricane Katrina, Oak Harbor leased a portion of the Marina to Warren Properties, LLC ("Warren Properties"), which was responsible for all

aspects of the marina, including leasing boat slips and maintaining the docks. Mark White was employed by Warren Properties as its harbor master and was responsible for the overall operations of the marina.

After Hurricane Katrina, which scattered debris and boats throughout the Marina, Dan Deslauriers, a representative of Aqua-Terra Construction and Engineering Services, Inc. ("Aqua– Terra), went to the harbor looking for work. Mr. White allow him to begin salvage operations to recover the sunken boats scattered throughout the Marina. On September 9, 2005, Mr. White and Mr. Deslauriers executed a notice to proceed. Shortly thereafter, Aqua-Terra commenced salvage operations.

In addition to owning the Marina, Oak Harbor owns vacant land adjacent to it. Mr. Deslauriers approached Patrick J. McElroy, the Oak Harbor representative who was responsible for the Marina, concerning whether Oak Harbor would lease the vacant land to Aqua-Terra for use as a staging area for vessels after they were recovered from the Marina so that the vessels could be dried out and eventually removed. The two executed a Lease of Commercial Property, which was effective on September 15, 2005 and was for an initial term of three months at the rate of $10,000 per month. The initial lease term ended on December 15, 2005 and the Lease was converted to a month-to-month lease.

Aqua-Terra did not vacate the property until sometime in February, 2006, however, they paid a deposit of $10,000 and made two monthly payments leaving a balance due under the lease of $17,500. In addition, Oak Harbor has alleged that Aqua-Terra failed to clean the site and left debris that Oak Harbor had to pay a third party $7,000 to remove. Thus, Oak

Harbor seeks a judgment under the lease for the past due rent of $17,500 plus debris removal costs,$7,000, for a total of $24,500 plus attorney fees, interest and costs incurred in this matter.

### II.     LAW AND ANALYSIS

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

Aqua-Terra does not dispute that it owes $17,500 to Oak Harbor under the lease. As there is no genuine issue of material fact as to this issue, summary judgment should be granted in Oak Harbor's favor with respect to the $17,500 owed under the lease.

Oak Harbor claims it had to pay a third party $7,000 to remove the debris left by Aqua-Terra, although the document it attached to support this assertion is entitled "estimate." No documentation has been presented to show that the sum was actually paid. Aqua-Terra also claims that even if this sum was paid, it is a highly unreasonable sum of money to remove the debris that was left on the land. In addition, Aqua-Terra disputes that debris depicted in Photograph No. 21, attached as Exhibit 2 to McElroy's affidavit, was left on the land by Aqua-Terra. Instead, they claim that only a few pilings and dock section remained on the property when it vacated it, which could have been removed for about $500. Aqua-Terra further asserts

that it is not clear who owned these pilings and dock sections, based on the fact that the lease indicates that at the termination of the lease all improvements shall become the property of Oak Harbor.

The Court finds that the evidence submitted by Oak Harbor is not sufficient to show that they actually paid $7,000 to have the debris removed. Oak Harbor introduced no evidence to show that it actually paid this sum. In addition, the Court finds Aqua-Terra's argument, that the broken dock section and pilings left on the land were improvements, to be without merit. Therefore, genuine issues of material fact exist which preclude the granting of summary judgment on the issue of whether Oak Harbor is owed $7,000 for debris removal.

Finally, Oak Harbor's claims it is entitled to for attorneys fees and costs incurred in this matter. In opposition, Aqua-Terra claims that there is no provision which grants this relief. The Court has reviewed the lease, which states that Aqua-Terra, as the lessee, "does fully and completely release, hold-harmless and indemnify" Oak Harbor, as the Lessor, from "any and all liability, costs, fines, attorney's fees and assessments..." While Oak Harbor argues that the provisions of the lease provide for attorney's fees, a more accurate statement is that the provisions of lease preclude Aqua-Terra from recovering attorney's fees, cost fines, etc. The lease is silent as to whether or not Oak Harbor is entitled to attorney's fees and costs, in the event that litigation would arise in connection with the contract. Therefore, the Court finds that genuine issue of material fact exists with respect to whether or not Oak Harbor may recover attorney's fees and costs.

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment, filed on behalf of the Defendant, Oak Harbor Investment Properties, L.L.C. , be and the same is hereby **GRANTED IN PART,** as to the $17,500 owed by Aqua-Terra to Oak Harbor under the provisions of the lease.

**IT IS FURTHER ORDERED** that Motion for Summary Judgment be and the same is hereby **DENIED IN PART**, and as to the costs for debris removal and attorney's fees and costs.

New Orleans, Louisiana, this 9th day of July, 2007.

_____
**G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE**